Thayer<br>v.<br>Stacy

*Petitioner took nothing by his petition.*

---

## Ephraim Wales *versus* Thomas Belcher.

The provision in *St.* 1821, *c.* 109, § (6,) [see Revised Stat. *c.* 87, § 3,] that the justices of the Police Court of Boston shall, under the appellation of The Justices' Court for the County of Suffolk, have original, exclusive jurisdiction and cognizance of all civil suits and actions which before might have been heard and determined by any justice of the peace of that county, is not unconstitutional; neither as interfering with the power of the governor to appoint all judicial officers, nor as abridging the constitutional powers of justices of the peace, nor because it depended for its force upon the contingency of the acceptance by the inhabitants of Boston of the act establishing the city of Boston, nor because its application was not general to the justices of the peace in all the counties in the commonwealth.

This case came before the Court upon exceptions filed to an order of the Court of Common Pleas that the action should be dismissed.

*Whiting*, for the plaintiff, argued in support of the exceptions.

*Z. G. Whitman*, for the defendant.

Parker C. J. delivered the opinion of the Court. This suit was commenced before a justice of the peace of the county of Suffolk, and was dismissed by the Court of Common Pleas, where it was entered on appeal from the justice, on the ground that the justice had no jurisdiction of the case, because by *St.* 1821, *c.* 109, § 6, [see Revised Stat. *c.* 87, § 3,] exclusive jurisdiction of all causes within the county of Suffolk theretofore cognizable by justices of the peace of the county, was given to the Justices' Court for the county of Suffolk, established by that statute.

*July* 22d.

509<br>*Jan.* 13th,<br>1827

This order of the Court of Common Pleas is complained of by the plaintiff in the action, for several causes. First, because, as he alleges, the statute is in this respect not warranted by the constitutional power of the legislature, inasmuch as it declares and determines what persons shall compose the Justices' Court, instead of leaving their appointment to the executive branch of the government, which, by the constitution, has the right and the power to appoint and commission all judicial officers. But we think this objection rests upon a mistaken construction of the statute. By the 2d section of the same statute a Police Court is established within and for the city of Boston, with all criminal jurisdiction formerly belonging to justices of the peace within the county of Suffolk, except in relation to such offences as happen within the town of Chelsea, and this court is to be composed of three persons, who are to be appointed and commissioned by the governor pursuant to the constitution. The 6th section merely confers civil jurisdiction to a certain extent on the justices of the same court, giving such court another and distinct name when acting in this latter capacity ; and we perceive no constitutional objection to this exercise of legislative authority, any more than to that by which heretofore criminal jurisdiction was vested in the Court of Common Pleas, upon the abolition of the Court of General Sessions of the Peace in the county of Suffolk. By the constitution, the legislature has all power to create courts and establish their jurisdiction, and the mode of exercising that power is a matter of legislative discretion. The Justices' Court is by this statute appended to the Police Court, and their civil jurisdiction is to be exercised by the same persons, who are appointed and commissioned by the governor pursuant to the constitution, that is, with the advice and consent of the council.

Another objection is, that anterior to and at the adoption of the constitution, justices of the peace held and exercised jurisdiction by law over civil suits to a certain extent, and that the legislature could not constitutionally abridge, much less annul that jurisdiction. But there is no color for this objection. The office of justice of the peace is recognised by the constitution ; but the power and jurisdiction of that office is

Wales
*v.*
Belcher.

nowhere in that instrument limited or defined. The legislature has the right to mould the jurisdiction of all courts at its will, so as not to infringe any other provision of that instrument. It may enlarge or diminish the power and duty of courts and magistrates. All this authority, if not expressly given to the legislature, as it is, would result from the very nature of legislative power. By virtue of this power the jurisdiction of Courts of Sessions and Common Pleas, both which existed before the constitution, have been changed, as the circumstances of the commonwealth required. Formerly it was an essential privilege of a justice of the peace to be a member of the Court of Sessions, but gradually the constitution of that court has been changed, and in particular the number of the justices has been limited to a few, specially commissioned for that purpose. Was it ever thought, that the rightful power of a justice of the peace has been unconstitutionally wrested from him by the legislature, because he can no longer make one of the *Court of Sessions?* This objection may as well be made to every alteration by the legislature, of the powers or duties of any of the courts since the adoption of the constitution; for it is founded upon the right of all courts in existence at that time, to the perpetual exercise of all the powers exercised by them antecedently to and at the adoption of that instrument Such a restriction upon the legislative power would have been found unwise and inconvenient if it had been expressed, and it surely ought not to be implied against all reasonable inferences of the probable intent of the people in forming the constitution.

Again, it is said that the law establishing the Justices' Court is void, because by the last section it is made to depend upon the contingency of the acceptance by the inhabitants of the town of Boston, of the act which constituted that town a city. This objection, for aught we see. stands unsupported by any authority or sound argument. Why may not the legislature make the existence of any act depend upon the happening of any future event? Constitutions themselves are so made; the representative body in convention, or other form of assembly, fabricate the provisions, but they are nugatory, unless at some future time they are accepted by the

people.   Statutes incorporating companies, are made to derive their force from the previous or subsequent assent of the bodies incorporated.   A tribunal peculiar to some section of the commonwealth, may be thought by the legislature to be required for the public good, and yet may not be acceptable to the community over which it is established.   We see no impropriety, certainly no unconstitutionality, in giving the people the opportunity to accept or reject such provisions.

Then again it is objected, that if the legislature have the power at all, it can be exercised only by a general law operating upon all justices of the peace in every county of the commonwealth alike ; but to deny to the legislature this power, will be to declare the invalidity of other laws which have been long since enacted, and practised upon without any question of their validity.   Those establishing the Municipal Court for the city of Boston, and the Boston Court of Common Pleas, are of this description.   It is true, that if those acts were passed without constitutional authority therefor by the legislature, they do not sanction the principle ; for one usurpation cannot justify another ; but the presumption is in favor of the validity of laws, which have gone through all the constitutional forms of legislation, and have been practised and adjudicated upon for a series of years.   But there is really no reason why different tribunals should not be erected in different parts of the State, if local convenience requires them, provided the rights of the citizen to a fair trial according to the principles of the constitution, are not invaded or impaired.   In criminal matters it has been found highly expedient, and in civil actions for small demands, public convenience may require similar provisions.

*Judgment affirmed.*

---

[1] See *Commonwealth* v. *Worcester, ante* 474, and note.